IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJIKURA AMERICA INC., | No. C 06-06726 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| SUNOAK INTERNATIONAL INC., | |
| Defendant. / | |

Now pending before the Court is plaintiff's motion for summary judgment. After considering the plaintiff's papers and evidence, the Court concludes that oral argument is unnecessary and GRANTS plaintiff's motion for summary judgment.

**ALLEGATIONS OF THE COMPLAINT**

The parties entered into a promissory note on or about August 16, 2002. Under the terms of the note, defendant promised to pay plaintiff $84,237.39 for previously received shipments of golf club shafts. Defendant made several payments totaling $4,841.42, but no other payments were made. Accordingly, $79,395.97 remains unpaid.

**PROCEDURAL HISTORY**

Plaintiff filed this breach of contract action on October 30, 2006. Following unsuccessful mediation efforts, the Court set a November 5, 2007 trial date. Plaintiff has moved for an early summary judgment ruling. Defendant has failed to file an opposition or otherwise respond to plaintiff's motion for summary judgment.

**SUMMARY JUDGMENT STANDARD**

A principal purpose of the summary judgment procedure is to isolate and dispose of factually unsupported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A party moving for summary judgment that does not have the ultimate burden of persuasion at trial (usually the defendant) has the initial burden of producing evidence negating an essential element of the non-moving party's claims *or* showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the party moving for summary judgment would bear the burden of proof at trial (usually the plaintiff), it has the initial burden of producing evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co., Inc. v. Darden*, 213 F.3d 474, 480 (9th Cir. 2000).

If the moving party does not satisfy its initial burden, the non-moving party has no obligation to produce anything and summary judgment must be denied. If, on the other hand, the moving party has satisfied its initial burden of production, then the non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102. A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

**DISCUSSION**

As the party bearing the burden of proof on its breach of contract claim at trial, plaintiff has an initial summary judgment burden of producing evidence that, if uncontroverted, would entitle it to a directed verdict at trial. For reasons stated in its memorandum supporting summary judgment, plaintiff has met this burden. Thus, the burden shifts to the defendant to produce evidence demonstrating a genuine issue of material fact for trial. Defendant has failed to respond to plaintiff's motion for summary judgment and has

therefore failed to meet its burden.  Accordingly, the Court will GRANT plaintiff's motion for summary judgment in the amount of $79,395.97.  Plaintiff has not demonstrated that it is entitled to an award of attorney fees or pre-judgment interest.

**IT IS SO ORDERED.**

Dated: October 1, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE